UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BIRKENSTOCK US BIDCO, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> WHITE MOUNTAIN INTERNATIONAL, LLC, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 24-10610-PBS |

ORDER ON PLAINTIFFS' MOTION REQUESTING
DE-DESIGNATION OF DEFENDANTS' DISCOVERY RESPONSE
[Docket No. 101]

May 30, 2025

Boal, M.J.

Plaintiffs Birkenstock US Bidco, Inc., Birkenstock USA, LP, and Birkenstock IP GmbH (collectively, "Birkenstock") move for an order compelling defendants White Mountain International LLC and American Exchange Time LLC to re-designate as "Confidential" the information marked as "Highly Confidential – Attorneys' Eyes Only" in Defendants' Second Supplemental Response to Interrogatory No. 14.  Docket No. 101.[1]  This Court heard oral argument on May 29, 2025.  For the following reasons, this Court denies the motion.

I.     BACKGROUND

Birkenstock brought this action against Defendants, alleging design patent infringement, trademark infringement, trade dress infringement, and unfair competition.  Birkenstock alleges that Defendants have systematically copied and produced knockoffs of its highly-recognizable,

---

[1] On April 14, 2025, Judge Saris referred the motion to the undersigned.  Docket No. 108.

popular, and successful footwear.  See generally Docket No. 88.  Defendants have brought counterclaims, alleging that Birkenstock has engaged in an illicit pressure campaign against the parties' shared footwear retailers to stop selling White Mountain's products under threat of Birkenstock cutting off its business with them.  See generally Docket No. 98.

Defendant has marked portions of its amended answer to Interrogatory No. 14 as "Highly Confidential Attorneys' Eyes Only" ("HC-AEO") under the Stipulated Protective Order entered in this case.  Docket No. 120 at 2.  Defendants' amended answer to Interrogatory No. 14 sets forth the basis for their counterclaims, including (1) the identities and job titles of the retail employees who informed White Mountain of Birkenstock's alleged pressure campaign; (2) the approximate times of their communications with White Mountain; and (3) a description of what they communicated to White Mountain about Birkenstock's alleged pressure campaign.  Id.  Birkenstock objects to the designation of this information as HC-AEO and requests that this Court order Defendants to redesignate that information as "Confidential."  Docket No. 101.

II.     ANALYSIS

Pursuant to the terms of the Protective Order, the burden is on Defendants as the designating parties to prove that the designated information is "Highly Confidential."  Protective Order, ¶ 7(B) ("The burden of persuasion shall remain on the party seeking protection under this order.").  In addition, once a protective order has been entered, the party seeking continued protection "must continue to show good cause for confidentiality when challenged."  Global Material Tech., Inc. v. Dazheng Metal Fibre Co., Ltd., 133 F.Supp.3d 1079, 1084 (N.D. Ill. 2015) (citation omitted).  To make that showing, Defendants must show "that disclosure will result in a 'clearly defined and serious injury,' by pointing to 'specific demonstrations of fact.'"  Id. (citation omitted).  "The 'harm must be significant, not mere trifle.'"  Id. (citation omitted).

2

The Protective Order defines "Highly Confidential – Attorneys' Eyes Only" information as:

> Information or Items shall mean extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. This information includes marketing, financial, sales, web traffic, technical, research and development, strategic plans and other commercially sensitive information, including information obtained from a Non-Party pursuant to a current non-disclosure agreement. Any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

Protective Order at ¶ 2(B).

This Court finds that the portions of Defendants' answer to Interrogatory No. 14 at issue have been properly designated as HC-AEO. Those portions of the answer set forth the identity of employees of non-party retailers who informed White Mountain of Birkenstock's alleged efforts to coerce those retailers to stop selling White Mountain's products and the substance of what they told White Mountain. Such information is commercially sensitive, relates to White Mountain's product sales and relationships with their customers, and implicates the interests of third parties.[2] Moreover, email correspondence provided by Defendants shows a threat of retaliation against the non-parties listed in that response by Birkenstock management, including its CEO. Accordingly, this Court finds that Defendants have shown that continued HC-AEO designation of the information is justified.

---

[2] Contrary to Birkenstock's arguments, the information at issue does not consist of communications between third-party footwear retailers and Birkenstock.

III.     ORDER

For the foregoing reasons, this Court denies the motion.

/s/ Jennifer C. Boal  
JENNIFER C. BOAL  
United States Magistrate Judge